IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
GREG COLLIER,              )
                           )
      Plaintiff,           )
                           )
v.                         )          No. 19-cv-2476-TMP
                           )
CITY OF MEMPHIS,           )
                           )
      Defendant.           )
```

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On July 25, 2019, plaintiff Greg Collier filed a *pro se* complaint against the City of Memphis.[1] (ECF No. 1.) Defendant filed a motion to dismiss on April 8, 2020. (ECF No. 25.) Collier filed a response on June 25, 2020. (ECF No. 29.) For the reasons set forth herein, the motion to dismiss is hereby DENIED.

## I.    BACKGROUND

On July 25, 2019, plaintiff Greg Collier filed a *pro se* complaint against the City of Memphis, alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990

---

[1]On January 13, 2020, the parties consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 18.)

("ADA"), as codified, 42 U.S.C. §§ 12112-12117. (ECF No. 1.) According to Collier, the City of Memphis unlawfully terminated his employment and failed to accommodate his disability. (Id. at 3.) Collier asserts that the City of Memphis discriminated against him on the basis of race and disability regarding his heart condition. (Id. at 4.)

According to the complaint, Collier requested, and was denied, a reasonable accommodation for his disability in May 2016. (Id.) Collier alleges that he was discharged because of his disability on December 31, 2016, at which time he was out on short-term disability. (Id.) Collier asserts that he was subjected to unequal terms and conditions of employment because two white employees were given accommodations and not terminated. (Id.)

## II.  ANALYSIS

### A.  Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v.

Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In resolving a Rule 12(b)(6) motion to dismiss, the court may also consider exhibits attached to the complaint. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

While courts construe *pro se* arguments liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786. "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews, 2014 WL 3049906, at *3 (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim

- 3 -

for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B. Timeliness**

The only issue presented in the motion to dismiss is whether Collier timely filed his EEOC charge. The City of Memphis argues that Collier did not file his EEOC charge within 300 days after the alleged unlawful employment practice as required by Title VII and the ADA. See Amini, 259 F.3d at 498; see also EEOC v. Dolgencorp, LLC, 899 F.3d 428, 433 (6th Cir. 2018). Filing an EEOC charge outside of the prescribed window is a basis for dismissal of Title VII and ADA claims. Williams v. Northwest Airlines, Inc., 53 F. App'x 350, 352 (6th Cir. 2002). "[T]he limitations period does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee. Once the employee is aware or reasonably should be aware of the employer's decision, the limitations period commences." Amini, 259 F.3d at 498 (quoting EEOC v. United Parcel Service, Inc., 249 F.3d 557, 561-62 (6th Cir. 2001)). However, "both statute of limitations and exhaustion of administrative remedies are affirmative defenses, on which a defendant bears the ultimate burden of proof." Rembisz v. Lew, 590 F. App'x 501, 503 (6th Cir. 2013) (citing Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012);

- 4 -

Fonseca v. Consolidated Rail Corp., 246 F.3d 585, 590 (6th Cir. 2001)).

"[A] plaintiff is not obligated to plead around an affirmative defense to state a claim." Mingo v. Fed Cmty., No. 20-10705, 2020 U.S. Dist. LEXIS 161203, at *6 (E.D. Mich. Sept. 3, 2020) (citing Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012)). "As a result, statute of limitations challenges are generally not appropriately raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. at *7; see also Rembisz, 590 F. App'x at 504 ("While statute of limitations and exhaustion issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court, a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense.") (internal citation omitted). "In other words, a statute of limitations challenge is 'susceptible to resolution on a motion to dismiss' in cases where a 'plaintiff affirmatively pleads himself out of court.'" Mingo, 2020 U.S. Dist. LEXIS 161203, at *8 (quoting Rembisz, 590 F. App'x at 504). "Where a plaintiff does not affirmatively plead himself out of court, however, a statute of limitations challenge is prematurely raised in a motion to dismiss, as was the case in Rembisz v. Lew, 590 F. App'x at 504." Id.

- 5 -

In this case, Collier filed his EEOC charge on September 15, 2017. (ECF No. 1, at 8.) In the complaint, Collier alleges that the City of Memphis unlawfully discharged him on December 31, 2016. (Id. at 4.) The City of Memphis, however, argues that the attachments to the complaint indicate that "the last possible date of alleged discrimination was his effective date of termination, October 18, 2016." (ECF No. 25, at 3.) The City's argument is based on a letter it sent to Collier on August 15, 2016, which Collier attached to his complaint, granting him Extended Medical Leave without pay from September 6, 2016 through October 18, 2016. (ECF No. 1, at 23.) The letter stated that if Collier did not report to work for full duty on October 18, 2016 (or contact the Labor/EEO Office before that date), the City would begin the process to separate him from payroll. (Id.) The City also points to a "Separation from Payroll" form attached to Collier's complaint, although the court notes that the line for "Date of Notice to Employee" is blank. (Id. at 24.)

At the Rule 12(b)(6) stage, the attachments relied on by the City are insufficient to demonstrate that Collier has "affirmatively plead himself out of court." See Rembisz, 590 F. App'x at 504. Collier alleges in his complaint that he was discharged by the City on December 31, 2016. (ECF No. 1, at 4.) "At the motion to dismiss stage, courts are bound to accept the

well-pleaded allegations of a complaint as true and to draw inferences and resolve ambiguities in a plaintiff's favor." Rembisz, 590 F. App'x at 504 (citations omitted). Because the court must accept as true Collier's allegations as to his date of discharge, the motion to dismiss is hereby DENIED.

### III. CONCLUSION

Based on the foregoing, the defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 4, 2020
Date