```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

GREG COLLIER,                  )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 19-cv-2476-TMP
                               )
CITY OF MEMPHIS,               )
                               )
     Defendant.                )
_____

              ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
_____
```

On July 25, 2019, plaintiff Greg Collier filed a *pro se* complaint against the City of Memphis ("City").[1] (ECF No. 1.) Collier also filed a motion for leave to proceed *in forma pauperis*, which the undersigned granted on July 30, 2019. (ECF Nos. 3 & 7.) Before the court is a motion for summary judgment filed by the City on October 15, 2020. (ECF No. 36.) Collier filed a response on November 9, 2020. (ECF No. 37.) For the reasons below, the motion for summary judgment is GRANTED.

## I.   BACKGROUND

As an initial matter, when responding to the City's motion

---

[1]On January 13, 2020, the parties consented to have a United States magistrate judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 18.)

for summary judgment, Collier did not provide citations to the record or respond to the City's statement of facts. (ECF No. 37.) Local Rule 56 requires that a party opposing a motion for summary judgment "must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed." LR 56.1(b). Furthermore, "[e]ach disputed fact must be supported by specific citation to the record." Id. Similarly, Rule 56 of the Federal Rules of Civil Procedure requires that a party support or challenge factual assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). When a party fails to properly challenge an opposing party's assertion of fact, Rule 56(e) permits the court to "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). In addition, the

court need not consider any unsupported factual assertions or materials in the record not cited by the parties. Fed. R. Civ. P. 56(c)(3); see also Gunn v. Senior Servs. of N. Ky., 632 F. App'x 839, 847 (6th Cir. 2015) ("'[C]onclusory and unsupported allegations, rooted in speculation,' are insufficient to create a genuine dispute of material fact for trial.") (quoting Bell v. Ohio State Univ., 351 F.3d 240, 253 (6th Cir. 2003)). Accordingly, the following facts are deemed undisputed for the purpose of resolving this motion.[2]

During the time period relevant to this case, Greg Collier worked as a full-time employee for the City. (ECF No. 36-2, at 1.) Due to a medical condition, Collier requested and was granted leave

---

[2] A plaintiff's *pro se* status does not relieve him or her of the obligation to comply with the Local Rules and Federal Rules of Civil Procedure. See Morgan v. AMISUB (SFH), Inc., No. 18-cv-2042-TLP-tmp, 2020 U.S. Dist. LEXIS 162383, 2020 WL 5332946, at *3 n.5 (W.D. Tenn. Sept. 4, 2020) (collecting cases); see also Bass v. Wendy's of Downtown, Inc., 526 F. App'x 599, 601 (6th Cir. 2013) ("[N]on-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys.") (citations omitted). *Pro se* non-prisoner litigants are not entitled to "special assistance." United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 427-28 (6th Cir. 2003) (citing Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988)). This includes at the summary judgment stage. See Viergutz v. Lucent Techs., 375 F. App'x 482, 485 (6th Cir. 2010) ("[Plaintiff]'s status as a *pro se* litigant does not alter his duty on a summary judgment motion."); see also McKinnie v. Roadway Express, Inc., 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se*, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions.").

under the Family and Medical Leave Act ("FMLA") from July 26, 2016 to September 5, 2016. (ECF No. 36-6, at 2.) Collier subsequently requested and was granted extended medical leave without pay from September 6, 2016 to October 18, 2016. (Id.)

On August 15, 2016, Robert M. Knecht, Director of the Division of Public Works for the City, sent a letter to Collier informing him that he had been granted extended medical leave without pay from September 6, 2016 to October 18, 2016.[3] (ECF No. 36-2, at 1.) The letter further instructed Collier "to report to work for full duty on Tuesday, October 18, 2016." (Id.) The letter provided that if Collier could not report for full duty work at that time, he could request an accommodation under the Americans with Disabilities Act ("ADA"). (Id.) Lastly, the letter stated that if Collier did not report for full duty work on October 18, 2016, or request an ADA accommodation by that time, the City would "immediately begin the process to separate [him] from payroll." (Id.)

Collier did not report to full duty work on October 18, 2016, and he never requested or applied for an ADA accommodation with the City. (ECF No. 36-6, at 2; ECF No. 36-3, at 6.) Accordingly, Collier was separated from the City payroll for failure to timely

---

[3]Collier disputes receiving this letter. (ECF No. 36-3, at 4.)

- 4 -

return to work effective October 18, 2016. (ECF No. 36-6, at 2-3.) On July 25, 2019, Collier filed a *pro se* complaint alleging that the City unlawfully terminated his employment in violation of Title VII and failed to accommodate his disability in violation of the ADA. (ECF No. 1, at 3.)

## II.   ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991).

The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting

the claims asserted by the party. Banks v. Wolfe Cty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). Similarly, a court may not consider inadmissible unsworn hearsay in deciding a motion for summary judgment. Tranter v. Orick, 460 F. App'x 513, 514 (6th Cir. 2012). In order to defeat summary judgment, the party opposing the motion must present affirmative evidence to support its position; a mere "scintilla of evidence" is insufficient. Bell, 351 F.3d at 247 (quoting Anderson, 477 U.S. at 252). "In making this assessment, [the court] must view all evidence in the light most favorable to the nonmoving party." McKay v. Federspiel, 823 F.3d 862, 866 (6th Cir. 2016).

**B.   Title VII Claim**

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. §2000e-2(a)(1). Because Collier provides no direct evidence, the court applies the burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Stewart v. Esper, 815 F. App'x 8, 16 (6th Cir. 2020). "Under this framework, the plaintiff must

first make out a prima facie case of discrimination, which requires the plaintiff to show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably." Id. (citing Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 776 (6th Cir. 2016)). "If a plaintiff can meet her burden to establish a prima facie case of discrimination, the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for its decision." Id. (citing Upshaw v. Ford Motor Co., 576 F.3d 576, 584 (6th Cir. 2009)). "If the employer carries its burden, the plaintiff must prove by a preponderance of the evidence that the employer's offered reasons were pretextual." Id. (citing Upshaw, 576 F.3d at 584).

Collier cannot establish a prima facie case of race-based discrimination because none of the evidence in the record demonstrates that "similarly situated non-protected employees were treated more favorably." See id. In order to satisfy this element, "the plaintiff must show that the employee who was treated more favorably is similar to the plaintiff in 'all *relevant* respects.'" Id. (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 353 (6th Cir. 1998) (emphasis in original)). "The other employee or employees ordinarily 'must have dealt with the same

supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" Id. (quoting Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 364 (6th Cir. 2010)). "For the plaintiff to meet her burden, she must do more than make 'generalized and vague allegations' that another employee was treated better than her." Id. (quoting Frazier v. USF Holland, Inc., 250 F. App'x 142, 147 (6th Cir. 2007)). As previously discussed, Collier does not cite to any evidence, and the record before the court does not demonstrate, that the City treated similarly situated non-protected employees more favorably than Collier. Accordingly, Collier cannot make out a prima facie case of discrimination under Title VII, and the City is entitled to summary judgment on this claim.

**C.   ADA Claim**

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "The Act's broad definition of discrimination includes 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue

- 8 -

hardship on the operation of the business of such covered entity.'" Fisher v. Nissan N. Am., Inc., 951 F.3d 409, 415-16 (6th Cir. 2020) (quoting 42 U.S.C. § 12112(a); citing Kleiber v. Honda of Am. Mfg., 485 F.3d 862, 868 (6th Cir. 2007)). "Because failure to accommodate is listed in the Act's definition of disability discrimination, see 42 U.S.C. § 12112(b)(5)(A), 'claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination.'" Id. at 416 (quoting Kleiber, 485 F.3d at 868).

"Under the direct-evidence framework, [the plaintiff] bears the burden of establishing (1) that he is disabled, and (2) that he is ''otherwise qualified' for the position despite his or her disability: (a) without accommodation from the employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation.'" Id. at 417 (quoting Kleiber, 485 F.3d at 869). The employer "bears the burden of 'proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon [it.]" Id. (quoting Kleiber, 485 F.3d at 869). "Plaintiffs must also propose a reasonable accommodation to succeed." Tchankpa v. Ascena Retail Grp., Inc., 951 F.3d 805, 812 (6th Cir. 2020) (citing Walsh v. UPS, 201 F.3d 718, 725-26 (6th Cir. 2000)).

Here, it is undisputed that Collier never requested or applied for an ADA accommodation with the City. (ECF No. 36-6, at 2; ECF No. 36-3, at 6.) As a result, Collier cannot succeed on his ADA claim for failure to accommodate. See Tchankpa, 951 F.3d at 812; see also Kleiber, 485 F.3d at 869 ("Generally, an ADA plaintiff 'bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable.'") (quoting Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 457 (6th Cir. 2004)); Johnson v. Cleveland City Sch. Dist., 443 F. App'x 974, 983 (6th Cir. 2011) ("The employee also bears the burden of proposing reasonable accommodations; an employee's claim must be dismissed if the employee fails to identify and request such reasonable accommodations.") (citing Tubbs v. Formica Corp., 107 F. App'x 485, 488-89 (6th Cir. 2004)). Accordingly, the City is entitled to summary judgment as to Collier's ADA claim.

### III. CONCLUSION

For the reasons above, the motion for summary judgment is granted.

IT IS SO ORDERED.

    s/ Tu M. Pham
    TU M. PHAM
    Chief United States Magistrate Judge

    March 2, 2021
    Date